QUESTIONS:
1. What fees, if any, shall be charged by the commission's administrative secretary for examining, verifying, and certifying an official record which has been prepared by the commission's official reporter when that reporter has charged a fee for preparing the record?
2.(a) What fees, if any, should be charged by the commission's administrative secretary for examining, verifying, and certifying an official record which has been prepared by the party seeking the record? (b) What charges, if any, shall be made by the administrative secretary examining, verifying, and certifying that part of the official record consisting of a transcript of hearing prepared by the commission's official reporter?
3.(a) In the light of s. 350.77, F.S., may the office of the commission's administrative secretary itself prepare the official record? (b) If the answer is in the affirmative, what fees shall be charged for preparing the official record? Shall an additional charge be made, and, if so, how much, for examining, verifying, and certifying this record? (c) If the answer is in the affirmative, shall the commission's administrative secretary use the official transcript of hearing furnished to it without charge by the commission's official reporter or shall the party seeking the official record be required to furnish the transcript of public hearing? If the administrative secretary uses a transcript of hearing furnished by said party, shall he charge for examining, verifying, and certifying the transcript and can he transmit that transcript of hearing to the court as part of the official record?
4. There are on the commission's ledgers for the year 1972 a number of accounts representing fees paid and fees yet due. These charges were made by the office of the commission's administrative secretary for examining, verifying, and certifying official records after the commission's official reporter has made a charge for preparing the official record. (a) Shall a further effort be made to collect the fees due, or has the commission's administrative secretary incorrectly assessed what may be a double fee in the following circumstances? (b) Shall refunds be made with regard to those fees paid in 1972, if it develops that the charges were incorrect in the following circumstances; shall a similar treatment be accorded fees paid in years past?
5. If, pursuant to Rule 3.6, Florida Appellate Rules, the record on appeal consists of the original record held by the commission, what fees, if any, shall be charged by the administrative secretary to the party seeking the record, shall the transcript of hearing furnished to the commission by its official reporter be part of that record, and what fees shall be charged in connection therewith?
SUMMARY:
The Public Service Commission is to collect the same fee allowed the circuit court clerks for examining, verifying, and certifying official transcripts of record unless the official transcript of record has been prepared by the commission's official reporter. However, if the transcript of record is prepared by a party or parties to the proceedings and not the commission's official reporter, then a one-dollar-per-page fee may be charged for examining, verifying, and certifying such transcripts of record.
The commission is not entitled to a fee for examining, verifying, and certifying a transcript of hearing when such transcript has been prepared by the commission's official reporter.
The legislative history of the statute which established the positions of Administrative Secretary and official reporter reflects that two different positions were intended by the legislature, and, therefore, the commission's administrative secretary may not prepare the official record of hearings or the official transcript of record since such duties are to be performed by the official reporter when not prepared by the parties themselves.
The comptroller, pursuant to s. 215.26, F.S., is authorized to refund moneys paid into the state treasury when, inter alia, no account was due or a payment was made in error. Applications for refunds must be filed within three years from the date the erroneous payment was actually made.
Appellate review of the orders and rulings of the commission is by certiorari. The petition for writ of certiorari shall be accompanied by a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or so much thereof as is essential. A transcript of hearing is to be included within the transcript of record if the petitioner seeks to have such hearing reviewed. If transcript is prepared by the parties themselves, the commission's secretary is entitled to a fee of one dollar per page for examining, verifying, and certifying transcripts of record pursuant to s. 28.24(3), F.S. The commission may not prepare an original record of the proceedings before the commission and, therefore, may not charge a fee for performing such services.
AS TO QUESTION 1:
Section 350.77(1), F.S., provides that the Public Service Commission (hereafter referred to as "commission") shall collect the same fee allowed to the circuit court clerks for, inter alia, examining, verifying, and certifying official transcripts of record. See s. 28.24, F.S. However, s. 350.77(1) also provides that if the transcript of record is prepared by the commission's official reporter and not the parties themselves, then the aforementioned provision of s. 350.77(1) is inapplicable and, accordingly, no authority exists for the charging of an additional fee for examining, verifying, and certifying the official transcript of record which has been prepared by the commission's official reporter. Also see Ch. 25-2.119(3)(a), Florida Administrative Code, (F.A.C.).
AS TO QUESTION 2(a):
Under the provisions of s. 350.77(1), F.S., and Ch. 25-2.119(4), F.A.C., the commission's administrative secretary is entitled to charge the same fee as the clerks of the circuit court for examining, verifying, and certifying official transcripts of record which have been prepared by the party or parties to the proceeding and not the commission's official reporter. Section28.24(3), F.S., sets the circuit court clerk's service charge at one dollar per page for performing the task of examining, comparing, correcting, verifying, and certifying transcripts of record prepared by someone other than the clerk.
AS TO QUESTION 2(b):
The official record of a formal hearing before the commission is the transcript of the stenographic notes taken at the hearing by the commission's regularly employed reporter (or, in his absence, a suitable substitute) and certified by the reporter as a true and correct copy of the proceeding. Chapter 25-2.105, F.A.C. Pursuant to Ch. 25-2.119, F.A.C., such stenographically reported proceedings of a hearing are to be incorporated, when necessary, in a transcript of record. The reporter is required to certify his transcribed notes of such proceedings. The administrative secretary is not required to verify any such stenographic copy furnished and certified to him by the reporter for such purpose. Cf. Rule 3.6(3), Florida Appellate Rules. See also, Rules 3.6(b) and (f)(1), Florida Appellate Rules.
No fees are allowed the commission (or its secretary) for transcripts of record prepared by the reporter. Section 350.77, F.S. However, if the transcript of record is being prepared by the parties or being prepared pursuant to written directions filed by the parties with the commission (or its secretary) and such transcript includes the stenographic notes of a hearing incorporated in the transcript of record, then the commission is entitled to a one-dollar-per-page charge for verifying and certifying the transcript of record, except for those pages consisting of stenographic notes of the hearing already certified by the reporter. This conclusion is required by Ch.25-2.110(3)(a), F.A.C., which clearly states that the secretary of the commission is not required to verify such stenographic copy of the hearing furnished and certified to him by the reporter. Cf. Rule 3.6(3), Florida Appellate Rules.
AS TO QUESTION 3(a):
Section 350.06, F.S., provides that the commission may also
employ as the official reporter of the commission a person capable of stenographic reporting, whose compensation shall be fixed by the commission. The phrase "may also employ" connotes that two different individuals or functionaries were contemplated by the legislature insofar as the positions of administrative secretary and official reporter are concerned. The legislative history of s.350.06 clearly shows that two different positions (i.e., administrative secretary and official reporter) with two different pay scales were established by the legislature. Moreover, s. 350.77, supra, requires that transcripts of record, when not prepared by the parties themselves, shall be prepared by thecommission's official reporter. No law exists which states that the commission or its administrative secretary may prepare the official record of hearings or the official transcripts of record for judicial review.
As a practical matter, the two positions must be held by two separate individuals. The administrative secretary, obviously, could not be paid for two full-time positions. Additionally, the administrative secretary acts as an executive assistant to the commission and he has no duties or functions prescribed by law to perform in connection with the quasi-judicial functions and powers of the commission, as does the official reporter or a qualified hearing examiner. Accord: Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969). For example, an official reporter has been said to be a court functionary, In re Opinion of the Justices, 163 So. 76, 77
(Fla. 1935), an arm of the court accountable for the proper performance of his duties whose failure to make a record available to a litigant has been deemed to be "a failure of the court . . .," which would entitle a litigant to equitable relief. Cleary Bros. Const. Co. v. Phelps, 24 So.2d 51 (Fla. 1945). The reporter or hearing examiner is required to report proceedings and/or hearings in all parts of the state. On the other hand, as the full-time executive assistant to the commission, the secretary's official duties require his almost continuous presence in the Tallahassee area. Therefore, the secretary could not adequately perform the aforementioned duties required by the two positions.
With all of the foregoing in mind, I am of the opinion that the two positions are not compatible and, therefore, the administrative secretary may not assume the added role of official reporter.
AS TO QUESTIONS 3(b) and 3(c):
Since the answer to question 3(a) is in the negative, questions 3(b) and (c) are inapplicable and no response thereto is necessary.
AS TO QUESTION 4(a):
No further efforts should be made to collect the fees charged for verification and certification when the commission's official reporter has charged a fee for preparing the transcript of record.
AS TO QUESTION 4(b):
Section 350.77, supra, requires the remittance of a statement of all fees collected by the commission each month, together with all fees collected by it, to the state treasurer who then credits such sum to the state's General Revenue Fund. Any funds remaining in the treasury at the end of a fiscal year, and any balance of any appropriation not disbursed and not properly certified to the Department of Administration pursuant to s. 216.301, F.S., revert to either a trust fund or the General Revenue Fund for reappropriation. Without an appropriation made by law, such funds may not thereafter be withdrawn from the state treasury. However, under s. 215.26, F.S., the comptroller is authorized to refund moneys paid into the state treasury when no license or account was due or a payment was made into the treasury in error, under the circumstances therein described. Applications for refunds as provided by s. 215.26, supra, shall be filed within three years after the right to such refund has accrued, else such right shall be barred. The right to such a refund accrues on the date such moneys actually were paid. See State ex rel. Victor Chemical Works v. Gay, 74 So.2d 560 (Fla. 1954); AGO 069-65; AGO 066-55; AGO 058-73.
AS TO QUESTION 5:
Pursuant to ss. 350.641(1), F.S., s. 365.12, F.S., and Rule 4.1, Florida Appellate Rules, appellate review of the orders and rulings of the Public Service Commission shall be by certiorari as provided by Rule 4.5(c), Florida Appellate Rules. Section 350.641(2), supra, and Rule 4.5(c) provide that unless otherwise ordered by the Florida Supreme Court, the petition for writ of certiorari and supporting brief thereof shall be accompanied by acertified transcript of the record of the proceedings thepetitioner seeks to have reviewed or so much thereof as isessential. Unless shown by the respondent or his attorney to be necessary, no other record shall be required.
The transcripts of hearing for judicial review of the proceedings of the Public Service Commission are to be incorporated within the transcript of record if the petitioner seeks to have such hearing reviewed. Rule 4.5(c), supra. The commission is not entitled to a fee for verifying and certifying transcripts of record prepared by the official reporter. The provisions of s. 28.24(3), F.S., are applicable to transcripts of record prepared by the parties to the proceedings for verification and certification by the commission's administrative secretary. Section 350.77, F.S.; Ch. 25-2.119, F.A.C. While s. 28.24(12), F.S., authorizes a fee of one dollar per instrument for preparing, numbering, and indexing the original record of appellate proceedings, no authority exists to authorize or require the commission to prepare an original record before the commission, and it is not entitled to charge a fee for performing such services.